



RECEIVED
11/10/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ILLINOIS

**ROBERT JOHN SAM JR.,** Plaintiff,

v.

**CHRISTOPHER NICHOLAS CRONAUER and CRONAUR LAW LLP,** Defendants.

Case No. _____

1:25-cv-13867
Judge Martha M. Pacold
Magistrate Judge Beth W. Jantz
RANDOM/Cat 2

## PRELIMINARY STATEMENT

1. This civil-rights action arises from a sustained course of retaliatory and abusive conduct by attorney Christopher Nicholas Cronauer and his law firm, Cronauer Law LLP. Acting in concert with local officials and state-court actors, the defendants used color of state law to intimidate and punish Plaintiff Robert John Sam Jr. for engaging in constitutionally protected activity, including petitioning state and federal authorities for redress of grievances. Their actions—ranging from threats of criminal referral and false police reports to an unauthorized motion for direct criminal contempt—constitute an abuse of state judicial process, retaliation for protected speech, and a deprivation of rights secured by the First and Fourteenth Amendments, actionable under 42 U.S.C. § 1983 and related federal statutes.

2.    Plaintiff seeks compensatory and punitive damages, declaratory relief, and costs pursuant to 42 U.S.C. §§ 1983 and 1988, as well as such other relief as this Court deems just and proper.

## II. JURISDICTION AND VENUE

3.    This action is brought pursuant to **42 U.S.C. § 1983**, to redress the deprivation under color of state law of rights secured by the **First and Fourteenth Amendments** to the United States Constitution.

4.    This Court has **subject-matter jurisdiction** under **28 U.S.C. §§ 1331 and 1343(a)(3)** because this case presents federal questions arising under the Constitution and laws of the United States, including 42 U.S.C. § 1983, and seeks redress for the deprivation of civil rights.

5.    This Court also has **supplemental jurisdiction** under **28 U.S.C. § 1367(a)** over Plaintiff's state-law claims for abuse of process, intentional infliction of emotional distress, and related torts, as they arise from the same nucleus of operative facts as the federal claims.

6.    **Venue** is proper in this District under **28 U.S.C. § 1391(b)** because a substantial part of the events or omissions giving rise to the claims occurred within the Northern District of Illinois, and the Defendants reside and conduct business within this District.

## III. PARTIES

7. **Plaintiff Robert John Sam Jr.** ("Plaintiff") is a citizen and resident of the State of Illinois. He is a private individual who, at all times relevant, acted on his own behalf in various legal proceedings and in the exercise of his constitutional right to petition the government for redress of grievances.

8. **Defendant Christopher Nicholas Cronauer** ("Cronauer") is an attorney licensed to practice law in the State of Illinois and the managing partner of Cronauer Law LLP. At all times relevant, Cronauer acted under color of state law when he conspired with or used the authority of state judicial and law-enforcement officials to intimidate and retaliate against the Plaintiff.

9. **Defendant Cronauer Law LLP** ("the Firm") is a professional limited-liability partnership organized under the laws of Illinois, with its principal place of business in DeKalb County, Illinois. At all times relevant, the Firm acted through its managing partner and employees, including Cronauer, who engaged in the conduct described herein within the scope of their employment and for the Firm's benefit.

**IV. FACTUAL BACKGROUND**

10. Beginning in 2023, Plaintiff was involved in civil housing litigation in DeKalb County, Illinois, in which Defendant Christopher Nicholas Cronauer represented the opposing landlord, Melissa Mobile and BKA holdings.

Over the course of that case and its related matters, Cronauer repeatedly used his position as an attorney to harass, intimidate, and retaliate against Plaintiff for engaging in lawful advocacy and petitioning government officials.

11.    After Plaintiff made repairs to his residence's air-conditioning system when the landlord failed to do so, Cronauer threatened to refer Plaintiff to the DeKalb County State's Attorney for alleged "unlicensed contracting," even though Plaintiff was simply correcting an essential utility in his own dwelling. Cronauer's written communication stated his intent to pursue criminal charges and probation violations, demonstrating a deliberate misuse of prosecutorial channels to pressure and punish Plaintiff.

12. Cronauer throughout his representation of his client, has tried to induce criminal charges against Robert Sam. He has tried to force Robert to take action that would cause police charges. Cronauer has sent emails, tried harassing Robert's disabled wife, also tried having his disabled minor child taken from him by filing a no trespass against her.

13.    After federal proceedings were initiated involving the same parties, Cronauer attempted to circumvent the federal forum by bringing direct criminal contempt allegations in state court arising from Plaintiff's filings in

the federal case. Such conduct violated the exclusive jurisdiction of the federal court and further exemplified Cronauer's abuse of process as only a judge can issue direct criminal contempt.

14.    In 2025, when Plaintiff emailed the Illinois Attorney General's Office to report potential plea agreement violations on a case that the AG brought on Robert's behalf, on  Cronauer's client, Cronauer contacted the Sycamore Police Department seeking criminal charges against Plaintiff for that communication. The police report shows that prosecutors declined to act because no crime had occurred. Having failed to obtain criminal charges, Cronauer again petitioned a state judge to hold Plaintiff in contempt for the same email, continuing his pattern of retaliation for protected petitioning activity.

15.    These actions—threatening criminal prosecution, instigating police investigations, filing baseless contempt motions, and misusing judicial procedures—form a continuous pattern of conduct designed to punish Plaintiff for exercising his constitutional rights and to chill further protected speech.

**Continued – Factual Background / Chronology of Retaliation**

16.    **August 2024 – HVAC Threats.** On or about August 28 2024, after Plaintiff repaired the disabled air-conditioning unit in his leased home when the landlord refused to act, Defendant Cronauer sent an e-mail

threatening to forward Plaintiff's invoice to the DeKalb County State's Attorney "for investigation of a Class 4 felony and possible probation violation." Plaintiff was not a contractor and had merely restored essential cooling for his family, including his disabled spouse. The threat had no lawful basis and was intended to intimidate Plaintiff during the ongoing eviction proceeding (*BKA Holdings LLC v. Sam*, 24 EV 136).

17. **September 2024 – Escalation to Criminal Contempt.** When law enforcement declined to act on his threat, Cronauer caused his associate, Gabrielle Gifford, to send a notice of hearing for a "Motion for Direct Criminal Contempt" naming both Plaintiff and his wife, Karen Sam. The motion, filed on October 14 2024, sought to imprison them for actions that occurred in connection with their pending civil case. Under Illinois law, only a judge may initiate direct criminal contempt, and only for behavior personally witnessed in open court; a private attorney has no authority to prosecute such a motion. (*People v. Williams*, 173 Ill. 2d 48 (1996); *People v. Ervin*, 355 Ill. App. 3d 519 (1st Dist. 2005)). The filing therefore constituted an ultra vires attempt to usurp judicial power and retaliate for lawful filings.

18. **October 2024 – Federal Interference.** The contempt motion targeted activity arising in Plaintiff's federal civil-rights suit then pending in the Northern District of Illinois. By seeking to have a state judge

punish conduct occurring in a federal case, Cronauer attempted to interfere with federal jurisdiction, contrary to *Donovan v. City of Dallas*, 377 U.S. 408 (1964) (holding that state courts may not enjoin or penalize participation in federal proceedings).

19. **January 2025 – MR Complaint During Pending Eviction.** Cronauer then lodged an "MR Complaint" in the DeKalb County Circuit Court while the eviction case was still active, repeating the same "unauthorized practice" claim. The filing was procedurally defective and duplicative of pending matters, but it required Plaintiff to appear and respond, increasing costs and stress. The complaint functioned as a second wave of retaliation for Plaintiff's defense of his household.

20. **March–August 2025 – Police Report #2025-0246.** After Plaintiff e-mailed the Illinois Attorney General's Office to report misconduct by Melissa Mobile and her attorney, Cronauer contacted the Sycamore Police Department seeking criminal charges against Plaintiff for that correspondence. The police report confirms that the Assistant State's Attorney determined no violation had occurred and closed the matter as unfounded. Cronauer nonetheless continued pressing for punitive action, demonstrating knowing misuse of law-enforcement channels.

21.    **September 2025 – Renewed Contempt Motion.** Having failed to obtain prosecution, Cronauer personally petitioned the state court to hold Plaintiff in contempt for the same e-mail that had already been cleared by prosecutors. Judge Hirsch dismissed the motion, noting Cronauer's filing failed to specify civil or criminal contempt and appeared misleading. This renewed attempt illustrates the continuing pattern of retaliation for Plaintiff's protected speech and petitioning activity.

22.    Throughout 2024 and 2025, Cronauer's actions caused Plaintiff severe anxiety, reputational injury, and economic harm. Each act built upon the last, establishing a pattern of using government authority and judicial process as weapons against a private citizen exercising his constitutional rights.

"Plaintiff does not seek to relitigate or recover duplicative damages for state-law defamation claims arising from the same facts. Any references to false statements by Defendant Cronauer or his client serve solely as evidence of retaliatory intent and abuse of process under 42 U.S.C. § 1983."

**V. COUNT I – 42 U.S.C. § 1983 (ABUSE OF STATE PROCESS / COLOR OF LAW)**

25. Plaintiff realleges and incorporates by reference paragraphs 1 through 24 as though fully set forth herein.

26. At all relevant times, Defendant Christopher Nicholas Cronauer, while a private attorney, acted **under color of state law** by jointly engaging with state officials, including police officers, prosecutors, and judges, to misuse state judicial and law-enforcement mechanisms for personal and retaliatory objectives.

27. By directing police inquiries, seeking criminal prosecution, and invoking state contempt powers to punish Plaintiff's protected conduct, Defendants willfully participated in a **joint action** with state actors, thereby satisfying the "color of law" requirement under § 1983. *Dennis v. Sparks*, 449 U.S. 24 (1980); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982).

28. Defendants' conduct constituted an **abuse of state process** in that they (a) invoked criminal and contempt procedures without probable cause; (b) sought to imprison Plaintiff through an unauthorized "direct criminal-contempt" motion; and (c) attempted to enlist police and prosecutors to retaliate for Plaintiff's lawful petitions to government officials.

29. Such misuse of process deprived Plaintiff of rights guaranteed by the **Fourteenth Amendment**, including the right to due process of law and the right to be free from arbitrary exercises of governmental power. *See Gibson v. Berryhill*, 411 U.S. 564 (1973);

*Hampton v. Hanrahan*, 600 F.2d 600 (7th Cir. 1979), rev'd in part on other grounds, 446 U.S. 754 (1980).

30. Defendants' actions were intentional, malicious, and undertaken with reckless disregard for Plaintiff's constitutional rights, thereby entitling Plaintiff to compensatory and punitive damages pursuant to 42 U.S.C. § 1983 and § 1988.

## VI. COUNT II – 42 U.S.C. § 1983 (FIRST-AMENDMENT RETALIATION)

31. Plaintiff realleges and incorporates by reference paragraphs 1 through 30 as though fully set forth herein.

32. The First Amendment guarantees citizens the right to free speech and to petition the government for redress of grievances. *See U.S. Const. amend. I*; *Borough of Duryea v. Guarnieri*, 564 U.S. 379 (2011).

33. Plaintiff exercised those rights by (a) filing pleadings and motions in state and federal courts; (b) communicating with federal and state officials, including the Illinois Attorney General's Office, about misconduct by public and private actors; and (c) reporting violations of law through lawful correspondence.

34. Defendants retaliated against Plaintiff for engaging in those protected activities by:

(a) threatening criminal prosecution and probation revocation following Plaintiff's reports;

(b) filing or instigating baseless contempt motions seeking imprisonment;

(c) petitioning police and prosecutors to initiate charges where none were warranted; and

(d) bringing duplicative complaints in state court and disciplinary forums solely to chill further speech and petitioning.

35. Defendants' actions were motivated by animus toward Plaintiff's protected speech and lacked any legitimate governmental purpose, satisfying the elements of retaliatory action under *Hartman v. Moore*, 547 U.S. 250 (2006).

36. A reasonable person would be deterred from further exercising First-Amendment rights under such threats and misuse of legal process. *See Surita v. Hyde*, 665 F.3d 860 (7th Cir. 2011).

37. As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff suffered emotional distress, reputational injury, financial loss, and impairment of his constitutional rights.

38. Defendants' conduct was willful, malicious, and carried out with reckless disregard for Plaintiff's federally protected rights, entitling Plaintiff to

compensatory and punitive damages, together with costs and attorney's fees under 42 U.S.C. § 1988.

## VII. COUNT III – 42 U.S.C. § 1983 (PROCEDURAL DUE PROCESS VIOLATION)

39. Plaintiff realleges and incorporates by reference paragraphs 1 through 38 as though fully set forth herein.

40. The Fourteenth Amendment prohibits any person acting under color of state law from depriving another of life, liberty, or property without due process of law. *U.S. Const. amend. XIV, § 1; Parratt v. Taylor*, 451 U.S. 527 (1981).

41. Defendants, acting jointly with state officials, deprived Plaintiff of procedural due process by initiating and prosecuting sham proceedings that lacked lawful authority or notice safeguards, including:

    (a) filing an unauthorized motion for "direct criminal contempt," a process that only the court itself may commence;

    (b) requesting punitive sanctions in the absence of probable cause or a judicial finding of misconduct; and

    (c) attempting to enforce state-court contempt power over conduct arising exclusively in a federal action.

42. Such acts denied Plaintiff fundamental fairness and a neutral decision-maker, violating the procedural guarantees recognized in *Mathews v. Eldridge*, 424 U.S. 319 (1976), and *Gibson v. Berryhill*, 411 U.S. 564 (1973).

43. Defendants' conduct further contravened the principle that due process is violated when a biased or unauthorized actor assumes adjudicative functions. *See Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009).

44. By deliberately invoking judicial mechanisms without lawful standing or jurisdiction, Defendants caused Plaintiff to face the risk of imprisonment, reputational harm, and unnecessary expense without the protections of notice, opportunity to be heard, or an impartial tribunal.

45. Defendants' actions were intentional and taken with reckless disregard for Plaintiff's constitutional right to due process, entitling Plaintiff to compensatory and punitive damages, together with costs and fees under 42 U.S.C. § 1988.

## VIII. COUNT IV – CIVIL CONSPIRACY (42 U.S.C. § 1983 AND STATE LAW)

46. Plaintiff realleges and incorporates by reference paragraphs 1 through 45 as though fully set forth herein.

47. Defendants Christopher Nicholas Cronauer and Cronauer Law LLP combined, agreed, and acted in concert with one or more state officials—including police officers, prosecutors, and court personnel—to deprive Plaintiff of his federally protected rights through a coordinated campaign of retaliation and abuse of process.

48. A civil-rights conspiracy under § 1983 requires (1) an agreement between two or more persons to deprive the plaintiff of constitutional rights, and (2) an overt act in furtherance of that agreement causing injury. *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015). Each of these elements is met here.

49. Defendants entered into an understanding with state actors to (a) instigate criminal investigations against Plaintiff without probable cause; (b) pursue unauthorized contempt proceedings to punish his lawful advocacy; and (c) use state judicial processes to silence and intimidate him for exercising First-Amendment rights.

50. The joint use of police reports, contempt filings, and court motions demonstrates both a meeting of the minds and overt acts undertaken pursuant to that

shared objective, satisfying the standard articulated in *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970) and reaffirmed in *Dennis v. Sparks*, 449 U.S. 24 (1980).

51. Illinois law likewise recognizes a tort of civil conspiracy where two or more persons agree to accomplish an unlawful purpose or a lawful purpose by unlawful means, resulting in injury to another. *Kumar v. Bornstein*, 354 Ill. App. 3d 159, 164 (2d Dist. 2004). Defendants' actions satisfy that standard as well.

52. As a direct and proximate result of Defendants' conspiracy, Plaintiff suffered loss of liberty, emotional distress, reputational harm, and financial damage. Defendants are jointly and severally liable for all resulting injuries under 42 U.S.C. § 1983 and Illinois common law.

53. Because Defendants acted willfully and maliciously, Plaintiff is entitled to compensatory and punitive damages, together with costs and attorney's fees under 42 U.S.C. § 1988.

## IX. COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (STATE LAW)

54. Plaintiff realleges and incorporates by reference paragraphs 1 through 53 as though fully set forth herein.

55.    Under Illinois law, a defendant commits the tort of intentional infliction of emotional distress when (a) the conduct is extreme and outrageous, (b) the defendant intends to cause, or recklessly disregards the probability of causing, emotional distress, and (c) the conduct in fact causes severe emotional distress. *See McGrath v. Fahey*, 126 Ill. 2d 78, 86 (1988).

56.    Defendants' conduct described herein—including repeated threats of criminal prosecution, unfounded contempt filings, false accusations of unauthorized practice of law, and efforts to involve law enforcement for retaliatory purposes—was extreme and outrageous by any standard of decency in a civilized community.

57.    Defendants acted intentionally and with reckless disregard of the high probability that their conduct would cause severe emotional distress to Plaintiff, who was defending his home and caring for his disabled family while being targeted by baseless legal threats and false reports.

58.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe emotional distress manifested by anxiety, sleeplessness, humiliation, and loss of peace of mind, all requiring medical and psychological care.

59.    Defendants' conduct was willful, wanton, and malicious, warranting an award of compensatory and

punitive damages under Illinois common law. *See Public Finance Corp. v. Davis*, 66 Ill. 2d 85, 90 (1976).

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff **Robert John Sam Jr.**, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants **Christopher Nicholas Cronauer** and **Cronauer Law LLP**, jointly and severally, and award the following relief:

A.    **Compensatory damages** in an amount to be determined at trial for emotional distress, loss of reputation, legal expenses, and other actual injuries caused by Defendants' unlawful acts;

B.    **Punitive damages** sufficient to deter Defendants and others from similar misconduct;

C.    A **declaratory judgment** that Defendants' conduct, as alleged herein, violated Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983;

D.    Such other and further relief as this Court deems just and proper.

Respectfully submitted,

**DATED:** 11/8/2025

**By:** /s/ Robert John Sam Jr.
**Robert John Sam Jr.** (Pro Se)
harpees5@yahoo.com

7797773265