FILED
11/17/2025 7:22 AM
2024EV000136

*Lori Grubbs*

Lori Grubbs
Clerk of the Circuit Court
DeKalb County, Illinois

# IN THE CIRCUIT COURT OF THE TWENTY-THIRD JUDICIAL CIRCUIT DEKALB COUNTY, ILLINOIS

**BKA HOLDINGS, LLC,** Plaintiff,

v.

**ROBERT SAM and KAREN SAM, and Unknown Occupants,** Defendants.

Case No. 2024 EV 136

## DEFENDANTS' Motion for Judicial Oversight and Sanctions to Curb Harassment (Against Attorney C. Nicholas Cronauer and Cronauer Law LLP)

NOW COME Defendants, Robert Sam and Karen Sam, pro se, and respectfully move this Honorable Court for entry of an order enjoining Plaintiff's counsel, C. Nicholas Cronauer, and Cronauer Law LLP from engaging in abusive or harassing litigation tactics and for sanctions pursuant to Supreme Court Rule 137 and the Court's inherent authority.

This motion is distinct from Defendants' prior protective-order filing and is based on **new conduct** occurring after that order—specifically, Plaintiff's latest attempt to convert an appellate sanction into a trial-court judgment and to pursue collection against federally exempt income.

## I. BACKGROUND

Plaintiff's counsel C. Nicholas Cronauer filed a motion to "Reduce Appellate Court Sanction Order to Judgment," seeking joint judgment against both Defendants for $2,537.50 plus costs. That motion (1) attempts to expand the Appellate Court's limited sanction to a non-sanctioned party (Karen Sam); (2) ignores Defendants' sworn affidavit establishing that all household income derives from **Supplemental Security Income and state caregiver pay**; and (3) seeks collection against benefits expressly protected from legal process by **42 U.S.C. § 407(a)** and **735 ILCS 5/12-1001(g)(1)**.

This Motion is not based on a single dispute or isolated incident. It is based on a **documented, multi-year pattern of misconduct**, spanning from **2019 to 2025**, involving:

- abusive filings,

- knowingly false allegations,

- attempts to use the courts to induce criminal charges,

- ex parte maneuvering,

- manufactured "violations" designed to cause arrest,

- efforts to weaponize neighbors,

- involvement in false police reports,

- targeting a disabled wife and disabled child,

- threats to obtain charges through his "friends" in law enforcement,

- violations of the bankruptcy discharge,

- attempts to entrap Defendants to create probation violations,

- emails mocking Defendants and predicting outcomes ("be nice to keep the win streak rolling"),

- knowingly attempting to garnish **protected federal benefits** in violation of **42 U.S.C. § 407(a)**,

- attempting to compel discovery and depositions from **Karen Sam**, who is **not a defendant**, is **disabled**, and is **federally protected**,

- an ongoing investigation into a false report involving Melissa Mobile's mother,

- and **repeated misuse of the court system itself**, including directly contradictory and inflammatory accusations unsupported by any affidavit, in violation of **Illinois Supreme Court Rule 191(a)**.

These actions have caused continuous emotional harm, legal harm, physical danger, and severe instability to a family that includes **two disabled individuals**, and have repeatedly distorted the judicial process.

The facts presented herein are supported by:

- emails from Plaintiff's counsel,

- emails from Chief Judge Bradley Waller,

- court filings,

- appellate decisions,

- police involvement,

- and ongoing investigations.

The purpose of this Motion is not retaliation.
It is **self-protection**.

And it is legally justified.

Illinois courts have repeatedly held:

- Courts maintain **inherent authority** to prevent misuse and abuse of their proceedings. *J.S.A. v. M.H.*, 384 Ill. App. 3d 998, 1004 (1st Dist. 2008).

- Courts may impose restrictions and sanctions when a litigant engages in a **pattern of harassment or bad faith filings**. *Sander v. Dow Chemical Co.*, 166 Ill. 2d 48, 65 (1995).

- Rule 137 sanctions are proper where filings are used for an "**improper purpose**, including harassment, delay, or needless increase in litigation cost." *Peterson v. Randhava*, 313 Ill. App. 3d 1, 7 (1st Dist. 2000).

- A protective order is mandatory where conduct threatens "**annoyance, oppression, undue burden, or expense**." *Ill. S. Ct. R. 201(c)(1).*

## II. LEGAL STANDARD AND AUTHORITY FOR JUDICIAL OVERSIGHT

Under **Ill. Sup. Ct. R. 201(c)(1)**, "the court may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden."

Illinois courts recognize broad inherent power to control their proceedings and prevent abuse. *Shimanovsky v. Gen. Motors Corp.*, 181 Ill. 2d 112 (1998); *People v. Erickson*, 117 Ill. 2d 271 (1987). A court may restrict abusive tactics to prevent harassment of indigent or pro se litigants. *Jurgensen v. Haslinger*, 295 Ill. App. 3d 139, 144 (2d Dist. 1998).

The motion at issue is not a good-faith effort to enforce a judgment but a means to harass a disabled family through threats of execution against protected income. Justice therefore requires a protective order limiting further abusive filings and communications.

Moreover, Plaintiff's counsel has no lawful authority to contact, subpoena, or otherwise communicate with

Defendants' financial institutions for the purpose of identifying or restraining Supplemental Security Income or caregiver funds.

Under 42 U.S.C. § 407(a) and 31 C.F.R. Part 212, any bank account containing directly deposited federal benefits is shielded from garnishment or inquiry. Courts have held that even indirect attempts to identify or threaten those funds violate federal law and the Supremacy Clause. See *Philpott v. Essex County Welfare Bd.*, 409 U.S. 413 (1973); *Tom v. First Am. Credit Union*, 151 F.3d 1289 (10th Cir. 1998).*

Therefore, any contact by counsel or his agents with Defendants' bank for information or restraint of protected deposits would itself constitute unlawful interference with federally exempt income and grounds for further sanctions.

# I. The Court's Inherent Authority to Protect the Integrity of Proceedings

Illinois courts hold broad inherent authority to prevent misuse of the judicial process.

## *J.S.A. v. M.H.*, 384 Ill. App. 3d 998, 1004 (1st Dist. 2008)

Courts may impose any necessary measures to control "vexatious litigation and abuses of the judicial process."

## *Sander v. Dow Chemical Co.*, 166 Ill. 2d 48, 65 (1995)

The Illinois Supreme Court confirmed courts may act "to maintain the dignity and integrity of the judicial process" when parties or counsel act in bad faith.

## *People v. Warren*, 173 Ill. 2d 348, 371 (1996)

Courts have authority to "fashion an appropriate sanction" when conduct threatens the administration of justice.

## *Dowling v. Chicago Options Assocs.*, 226 Ill. 2d 287, 306 (2007)

Judges may enter orders necessary to protect litigants from abusive or coercive conduct.

Applied here:
Cronauer's years-long pattern of harassment, improper filings, attacks on a disabled wife and disabled child, efforts to induce criminal charges, and attempts to weaponize neighbors, police, and emergency OPs **directly threatens the integrity of judicial proceedings**.

The Court has full authority to intervene.

# II. Authority Under Illinois Supreme Court Rule 201(c)(1): Protective Orders

Rule 201(c)(1) states:

"The court may at any time, on its own initiative or on motion…
**make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense**."

This rule is triggered where discovery or litigation conduct is:

- harassing,

- abusive,

- directed at disabled individuals,

- unnecessary or oppressive, or

- intended to cause emotional or physical harm.

Illinois courts interpret Rule 201(c)(1) broadly.

*Sanchez v. City of Chicago*, **352 Ill. App. 3d 1015, 1022 (1st Dist. 2004)**

Court may limit discovery to prevent **oppression or undue burden**.

***Kunkel v. Walton*, 179 Ill. 2d 519, 528 (1997)**

Rule 201(c) is designed to protect parties from *harassment* and *abusive litigation tactics*.

Cronauer's attempts to depose **Karen**, who:

- is **not a party**

- is **disabled**,

- is **protected by federal law** under 42 U.S.C. §407(a) and various disability statutes,

- is already under medical treatment, and

- cannot safely participate,

squarely triggers Rule 201(c)(1).

A protective order is mandatory.

# III. Authority Under Illinois Supreme Court Rule 137 (Sanctions)

Rule 137 authorizes sanctions where an attorney:

- files documents not well grounded in fact,

- makes accusations without evidentiary support,

- files documents for an improper purpose (harassment, delay), or

- abuses the process of litigation.

### *Peterson v. Randhava*, 313 Ill. App. 3d 1, 7–8 (1st Dist. 2000)

Sanctions appropriate for filings containing **baseless accusations** or **improper motives**.

### *Lewy v. Koeckritz*, 211 Ill. App. 3d 330, 334 (1st Dist. 1991)

Rule 137 applies when filings are used as a weapon to oppress.

### *In re Marriage of Sykes*, 231 Ill. App. 3d 940, 944 (1st Dist. 1992)

Sanctions proper where attorney conduct causes "unnecessary litigation" and "harassment."

Cronauer's conduct violates Rule 137 because:

- he repeatedly files **unsworn factual accusations** (violating Rule 191(a)),

- files motions requesting **jail time** without legal basis,

- files for sanctions against non-parties (Karen),

- uses litigation to harass a disabled child (school complaints),

- attempts to obtain **protected SSI benefits**,

- weaponizes neighbors and police to create violations,

- manipulates emergency OPs for eviction leverage,

- and uses personal attacks in writing ("go back to law school").

This is textbook Rule 137 material.

# IV. Authority Under Rule 191(a): Sworn Factual Statements Required

Rule 191(a) mandates that factual assertions outside the record must be supported by an affidavit.

## *Robidoux v. Oliphant*, 201 Ill. 2d 324, 335 (2002)

Unsworn attorney statements "are not evidence" and must not be considered.

## *Allen v. Meyer*, 14 Ill. 2d 284, 288 (1958)

Arguments of counsel are not evidence; courts may not rely on them.

Any filing Cronauer submitted containing psychological accusations, "DARVO" theories, character attacks,

predictions, or factual claims not supported by a sworn affidavit is **legally invalid**.

This is grounds to **strike his filings** and impose sanctions.

# V. Federal Protection of SSI Benefits (42 U.S.C. § 407(a))

Federal law prohibits ANY attempt to attach or collect SSI benefits.

### 42 U.S.C. § 407(a):

"None of the… moneys paid or payable… shall be subject to execution, levy, attachment, garnishment, or other legal process."

### *Philpott v. Essex County Welfare Bd.*, 409 U.S. 413 (1973)

SSI exemption is **absolute**.

Cronauer's attempts will be to demand financial documents relating to:

- Karen's SSI,

- Harper's SSI,

- caregiver pay (state-funded),

are a **violation of federal law** and constitute:

- harassment,

- unlawful collection attempts,

- oppression under Rule 201(c)(1), and

- misconduct supporting Rule 137 sanctions.

# VI. Abuse of Process Doctrine

Attorney conduct constitutes **abuse of process** when:

1. Legal process is used for an improper purpose,

2. Contrary to court authority.

### *Kumar v. Bornstein*, 354 Ill. App. 3d 159, 165 (1st Dist. 2004)

Abuse of process occurs when litigation is used as a weapon to coerce or intimidate.

### *Holiday Magic, Inc. v. Scott*, 4 Ill. App. 3d 962, 967 (1st Dist. 1972)

Process may not be used for any purpose other than that for which it is granted.

Here, Cronauer has:

- used OPs for eviction leverage,

- attempted to procure criminal charges by manipulating neighbors,

- threatened arrests to gain advantage,

- used filings primarily as harassment tools,

- targeted a disabled child,

- sought jail time knowing charges were false,

- and filed motions outside the scope of legal authority (direct criminal contempt).

This is **classic abuse of process.**

## III. SANCTIONS ARE WARRANTED UNDER RULE 137 AND INHERENT AUTHORITY

**"Rule 137 mandates sanctions when an attorney files a pleading that is not well-grounded in fact, not warranted by existing law, or filed for an improper purpose such as harassment or unnecessary delay."**

**Supreme Court Rule 137** permits sanctions where papers are filed for an improper purpose such as harassment or to needlessly increase litigation costs. *In re Marriage of Schmidt*, 167 Ill. App. 3d 1017 (2d Dist. 1988). Courts also retain inherent authority to sanction bad-faith

conduct to protect the integrity of the judicial process. *Shimanovsky*, 181 Ill. 2d at 120.

Plaintiff's motion is objectively unreasonable: it misrepresents the scope of the Appellate Court's mandate, adds a non-sanctioned party in violation of *Dowling v. Chicago Options Assocs.*, 226 Ill. 2d 277 (2007), and targets benefits absolutely protected under *Philpott v. Essex County Welfare Bd.*, 409 U.S. 413 (1973). Such conduct warrants sanctions to deter further abuse.

This pattern of harassment is further demonstrated by Plaintiff's prior attempt to seek sanctions claiming that Defendant Robert Sam was "acting as Karen Sam's attorney in his now dismissed Lawsuit claiming the same." The record clearly reflects that this Court granted leave for Robert Sam to file responsive pleadings on behalf of his wife in his capacity as co-defendant and court-recognized representative.
Additionally, Karen Sam has executed a valid Power of Attorney authorizing Robert Sam to act on her behalf in legal and financial matters. Consequently, there is no justification for Plaintiff or its counsel to pursue duplicative or harassing actions—such as separate citations to discover assets—directed at Karen Sam, when the Court has already acknowledged Robert Sam's standing to appear and respond for their household.
Any continued effort to separately target her would constitute bad-faith conduct and an abuse of process.

Nicholas Cronauer and his client Melissa Mobile as well as Riley Oncken and Melissa Mobiles mother, Susanne Brown all worked to harm the Sam family for over 4 years by using the help of Judges, police, elder care workers,states attorney and the Shaw newspaper. The Sam family are victims of a corrupt and organized attack to harm this disabled family. The Sam's need to explain to the court why a order to protect this family is so important.
Peterson v. Randhava, 313 Ill. App. 3d 1 (2000)
The court held:

**"When a pleading is filed for an improper purpose, sanctions under Rule 137 are not discretionary — they are required."**

And specifically:

**"Filing pleadings containing allegations without factual support constitutes sanctionable conduct."**

In the same case, the court emphasized:

**"Rule 137 is designed to prevent harassment, delay, and abuse of the legal process."**

# DETAILED CHRONOLOGY OF HARASSMENT, ABUSE, AND

# LITIGATION MISCONDUCT (2019–2025)

This case cannot be understood in isolation. The conduct of Plaintiff's counsel, **Nicholas Cronauer**, forms part of a **multi-year pattern of harassment, retaliation, abuse of process, and attempts to misuse the judicial system** against Robert Sam, Karen Sam, and their disabled child. The timeline below demonstrates continuous escalation, improper purpose, and weaponization of legal processes far beyond the scope of any legitimate advocacy.

# 2019 — FIRST IMPROPER EVICTION ATTEMPT

**2019** – Melissa Mobile, represented by attorney **Riley Oncken**, filed an eviction despite having already been paid.
The filing was knowingly false, and the court dismissed the case.

This was the first recorded incident of Mobile and Oncken using the courts improperly against Defendants.

# 2022 — FALSE CRIMINAL CHARGES USED AS EVICTION WEAPON

**Early 2022** – A former client of Mobile brought **false criminal charges** against Robert Sam.

- These charges were later **fully dismissed**.

- There were **zero convictions**.

- The charges were knowingly used by Mobile and Oncken in eviction filings to portray Defendants as dangerous.

This event marks the first attempt to use **criminal accusations as an eviction strategy**.

# 2022 — ARMED ENTRY AND ILLEGAL VIDEO RECORDING

**2022** – Attorney **Riley Oncken**, armed, arrived at Defendants' home **unannounced**, accompanied by Sycamore police.

- He attempted to intimidate Defendants.

- He **illegally recorded** the inside of the residence while the police stood by with no warrant.

This conduct exceeded lawful eviction procedure and was intended purely for intimidation and harassment.

# 2022 — CRONAUR AND HIS FATHER PRETEND TO HAVE INTREST IN POTENTIALLY REPRESENT DEFENDANT THEN JOINS THE ATTACK

**2022** – Nicholas Cronauer and his father where engaged in emails with  Defendant pretending to "help" him and "give advice" about the false criminal case.
Shortly thereafter, Cronauer began working **with** Oncken and the State's Attorney **against** Defendant.

This indicates manipulation and deception — a precursor to later misconduct.

# 2022–2023 — ATTEMPTS TO JAIL DEFENDANT DURING APPEALS

**2022** – Oncken and Judge Klein acted jointly, giving Defendants **48 hours** to vacate.

**2023** – Oncken filed a "motion to show cause" seeking **jail time**, even though the eviction was under *active appeal* — again violating the appellate stay.

This demonstrates repeated, knowing violations of court authority.

# 2023 — DEFENDANT WINS APPEAL DESPITE THEIR EFFORTS

**2023** – Defendants **won the eviction appeal**.
The appellate court ruled in their favor despite Cronauer's involvement in defending the eviction.

This win caused escalation of harassment.

# 2024 — MOBILE AND CRONAUER FILE EVICTION AND COMMIT CRIMINAL FRAUD

**2024** – Mobile and Cronauer filed another eviction, relying on **false allegations**, including violation of the bankruptcy law and the discharge injunction. They filed a eviction based on monies they knew they already received. Judge Waller was very upset they did this and said "this case must be dismissed, you have the smoking gun". Later Cronauer would use the statement " smoking gun" as a tactic in a OP hearing and mobile claimed it might of meant a threat to her of physical harm.

This began a new phase of abusive litigation.

# 2024 — JUDGE WALLER REMOVES CASES FROM JUDGES FOR BIAS

**2024** – Judge Waller reassigned the case away from both Judge Klein and Judge Peterson due to concerns about bias and improper conduct. When Judge Waller seen Judge Peterson was ignoring the fact that Cronauer was trying to use the criminal charge for grounds for eviction, he removed the judge and gave it to Judge Konen. Cronauer in open court lied on the record and I have the transcripts. When judge Peterson asked him why there is attached evidence of the arrest he stated " it must of slipped in by mistake".

This demonstrates judicial acknowledgment that the litigation environment was tainted.

# 2024 — CRONAUR FILES MOTION FOR DIRECT CRIMINAL CONTEMPT AGAINST BOTH ROBERT AND KAREN

**2024** – In front of Judge Konen, Cronauer filed a motion for **direct criminal contempt** against not only Robert but also *Karen*, a disabled non-party.

- Direct criminal contempt cannot be requested by a private attorney.

- A state judge cannot hear federal contempt claims.

- The motion was improper, abusive, and remains unresolved.

This was an extreme escalation and the motion has still not been heard or ruled on. This was Cronauer using his influence with a judge he is personally friends with to be able to weaponize the court with abusive filings.

# 2024 — EMERGENCY OP OBTAINED WITH NO EVIDENCE, THEN JUDGE REMOVED FOR ABUSE

**2024** – Mobile and Cronauer obtained an emergency civil OP from Judge Konen:

- without police reports,

- without evidence of immediate danger,

- and solely for eviction leverage.

Chief Judge Waller's emails show he was upset about this:

"My guess is it's an emergency no-contact order… done ex parte…"

"I'll call you this afternoon… Wait until we talk."

Waller then removed the case from Konen due to concerns of bias and impropriety. Waller then ask to have all the cases removed from his court. This was done because he seen Cronauer and Oncken where using corruption with judges to have cases and motions pre determined. This is exactly what operation greylord was all about. Corruption in the courts with dirty lawyers

making deals or getting favors. I have in my hand, actual documentation and emails showing the states attorney who handled my criminal case, meeting with private attorneys and judge Klein about cases outside of court. I am making them public.

**2025 Cronauer sends message knowing judge Berg——**

**When the EV case got re assigned to a judge in Mchenry county. I was immediately emailed by Cronauer. " you'll like Judge Berg, he is fair, have a good night". This was a vailed threat that he knew the judge and the case would go his way. He was never reprimanded him for this.**

# 2025 — CRONAUR BEGINS USING NEIGHBORS TO TRY TO GET ROBERT JAILED

**Early 2025** – Cronauer allegedly asked neighbors to:

1. Offer Defendant **illegal drugs** to cause a probation violation

2. Start a **physical altercation** with Defendant

3. Create the appearance of dangerousness to justify eviction

Police refused to charge the neighbors **despite the provocation**.

This conduct is outrageous and constitutes **abuse of process at the highest level**. I don't have proof of Cronauer doing this yet, but we are getting close to getting hard evidence as one of the Dekalb county court baliffs seems to know all about this.

# 2025 Plumbing repair ——

Melissa Mobile was to send plumbers to replace the hot water heater. Instead unknown to us at the time she sent two unlicensed people. One her lawyers son and two her future new husband. Cronauer at the OP hearing even called him to the stand. So they where sent as moles.

# 2025 photos and videos——

Melissa mobiles mother would find out when I would be at court. She would come out and film me and my car. Mobiles future husband would drive my our home and video us and the home. I called the police and they refused to help.

## 2025 — CRONAUR THREATENS TO USE HIS 'FRIENDS' AT THE STATE'S ATTORNEY

**2025** – When Defendant requested repairs money, Cronauer stated he would contact his "friends" at the State's Attorney's Office to file charges. Melissa Mobile and Cronauer refused to come out and fix the AC among many others things. I fixed it and said I would bill them. He then threatened as always jail and prosecution.

This is intimidation, harassment, and misuse of prosecutorial contacts.

**2025 CRONAUER TRESPASSES DISABLED GIRL**

When BKA holdings got there eviction against Karen Sam only, Nicholas Cronauer sent a no trespass to Robert that stated his disabled daughter was trespassed. The daughter was not a defendant on the case and Mr. Cronauer new damn well Robert is her father and he cares for her and his disabled wife. This was another tactic to harass.

# 2025 — CRONAUR DIRECTS MOBILE'S MOTHER TO MAKE FALSE REPORTS ABOUT THE DISABLED CHILD

**2025** – Cronauer advised Mobile's mother, Susanne Brown, to submit an anonymous false report alleging that Defendants' disabled child was not in school.

- Police opened an investigation

- A new investigation into Brown is **currently open**

Weaponizing DCFS and schools against a disabled child is one of the worst abuses documented in case law. Cronauer as Chief judge Waller has told me, likes to walk a fine line and thinks he won't get cought. Judge Waller told me how he had to tell Cronauer personally to Stop harassing a elderly disabled defendant. I was told this

Story twice by judge Waller. This attorney or lack of being, is a habitual abuser and predator. He uses his license to take advantage of people and the syestem. He cherry picks cases and judges that he knows. This is my opinion, but based on the facts it's a serious issue. The courts have ignored all my pleas for help. The courts have ignored all his unethical behavior for years. Why?

# 2025 — CRONAUR MOCKS DEFENDANT IN EMAILS ("WIN STREAK ROLLING")

**Oct 30, 2025** – Cronauer emailed:

"You'll have to wait and see; be nice to keep the win streak rolling."

This demonstrates:

- arrogance,

- prejudice,

- personal animosity,

- and an admission that this is a sport — not a legitimate legal process.

# 2025 — CRONAUR TARGETS DISABLED NON-PARTY FOR DISCOVERY

Despite Karen **not being a party** to ANY of these cases other then the EV case. She was not sanctioned by the appellate court , Cronauer demanded:

- deposition dates,

- discovery responses,

- and sanctions.

This is harassment under Illinois law and violates Rule 201(c), Rule 137, and federal disability protections.

# 2025 — CONTINUED ATTEMPTS TO TARGET FEDERALLY PROTECTED SSI

Cronauer wants to request:

- financial documents,

- bank info,

- income sources,

despite:

- 42 U.S.C. §407(a)'s absolute protection of SSI
- Philpott v. Essex County (U.S. Supreme Court)
- Karen's disability
- Harper's disability
- the State of Illinois caregiver pay exemption

This is illegal and harassing.

# SUMMARY

This pattern — spanning SIX YEARS — shows:

**harassment**

**misuse of police and prosecutors**

**false reports**

**intimidation using neighbors**

**targeting a disabled wife**

**targeting a disabled child**

**illegal contempt filings**

**illegal OPs**

**illegal attempts to collect SSI**

**personal attacks**

**repeated attempts to cause arrest**

**repeated abuse of the judicial process**

The courts have ignored this for years.

## IV. REQUESTED RELIEF

Defendants request that the Court enter an order providing:

1. DEFENDANTS' MOTION TO ENJOIN FURTHER ABUSIVE FILINGS AND FOR SANCTIONS
   a. No direct contact with Defendants outside of filed court papers;
   b. No collection attempt against SSI or caregiver pay without prior leave of court and proof that funds are non-exempt; and
   c. Leave of court required before Plaintiff may file any further collection or judgment-conversion motions.

2. **Sanctions ( Rule 137 and Inherent Authority )**
   a. Monetary sanctions against Attorney C. Nicholas Cronauer and/or Cronauer Law LLP;

b. Award of Defendants' reasonable fees and costs for responding to the frivolous motion; and

c. Order to Show Cause why further disciplinary action should not be considered for attempting to collect exempt benefits and for adding a non-sanctioned party.

3. **Case-Management Relief**
Require that any future monetary motion include a sworn affidavit verifying the non-exempt nature of the funds sought and an itemized fee schedule.

# V. REQUEST FOR EXPEDITED HEARING

Because Plaintiff's motion contemplates collection efforts that could imperil Defendants' protected income, Defendants request an **expedited hearing** and a temporary stay of any enforcement pending the Court's ruling on this Cross-Motion.

# VI. CONCLUSION

Cronauer's motion is a transparent act of retaliation and procedural abuse. The Court should exercise its authority under **Rule 201(c)(1)** and **Rule 137** to shield Defendants from further harassment, protect federally exempt income, and uphold the integrity of this Court.

**Respectfully submitted,**

/s/ Robert Sam      Defendant Pro Se
Dated: 11/16/ 2025

On Oct 30, 2025, at 8:17 PM, Nicholas Cronauer <NC@cronauerlaw.com> wrote:

You'll have to wait and see; be nice to keep the win streak rolling.

Sent from my iPhone



Well, we are not in discovery and Karen is not part of the lawsuits. So, we will schedule accordingly with the court. Go back to law school, because as judge Hirsch said, you don't know what your doing.

On Sep 15, 2025, at 8:44 AM, Nicholas Cronauer <NC@cronauerlaw.com> wrote:

That's not how it works other than a motion to compel because a party won't comply with discovery requests.

On Mon, Sep 15, 2025 at 8:42 AM robert sam <harpees5@yahoo.com> wrote:
We will schedule things accordingly with the court.

On Sep 15, 2025, at 8:39 AM, Nicholas Cronauer <NC@cronauerlaw.com> wrote:

Please provide the availability for the deposition of Karen for all the cases you have currently pending. We will do it via Zoom.






**6:01**



< **Judge Waller**                    ∧ ∨

---



**BW**     **Bradley Waller**          1/15/25
          To: robert sam >

---

# Re: Robert

My guess is it's an emergency no contact order that was done ex parte. You have the right to contest the entry of a plenary order on the next court date. I'm out of the courthouse at a meeting but I'm sure that's what it is.

Get [Outlook for iOS](Outlook for iOS)

---

**From:** robert sam <[harpees5@yahoo.com](harpees5@yahoo.com)>
**Sent:** Wednesday, January 15, 2025 4:32:04 PM
**To:** Waller, Bradley <[bwaller@dekalbcounty.org](bwaller@dekalbcounty.org)>
**Subject:** Robert

<p style="border:2px; border-style:solid; border-color:#000000; padding: .7em; background-color:#FFFF00 "><b>CAUTION:</b> This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.</p>

Judge Konen,
Did this to help them. Now they can tell judge burg there is a no contact order to get the eviction. They have needed this for a long time and she gave it to them.

---

            

**6:01**

 **robert sam**　　　　　1/15/25
To: Bradley Waller 〉

# Re: Robert

The point is, Konen signed it. They can now use this to evict us. I keep trying to fight all this the right way and they lie and get the court to do what they want. But, I guess we see what happens. Then won't end well I am sure. Something will happen where they induce an arrest.

On Jan 15, 2025, at 4:56 PM, Waller, Bradley <bwaller@dekalbcounty.org> wrote:

My guess is it's an emergency no contact order that was done ex parte. You have the right to contest the entry of a plenary order on the next court date. I'm out of the courthouse at a meeting but I'm sure that's what it is.

Get Outlook for iOS

**From:** robert sam <harpees5@yahoo.com>
**Sent:** Wednesday, January 15, 2025 4:32:04 PM
**To:** Waller, Bradley <bwaller@dekalbcounty.org>
**Subject:** Robert

<p style="border:2px; border-style:solid; border-color:#000000; padding: .7em; background-

　　　

**6:02**

‹ Judge Waller



**Bradley Waller**  1/16/25
To: robert sam ›

## Re: Bob

No they don't. Let's plan on talking today. I have time this afternoon and I'll call you. Wait until we talk

Get **Outlook for iOS**

---

**From:** robert sam <harpees5@yahoo.com>
**Sent:** Wednesday, January 15, 2025 8:04:13 PM
**To:** Waller, Bradley <bwaller@dekalbcounty.org>
**Subject:** Bob

<p style="border:2px; border-style:solid; border-color:#000000; padding: .7em; background-color:#FFFF00 "><b>CAUTION:</b> This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.</p>

I sent a email through judicial with the same emails attached. That was for them not you. I wanted them to know that there responsible for this. They could have helped us but didn't. I won't be sending anymore emails, for awhile to anyone anymore, I don't think it matters much. I'll of course keep you posted but, things look pretty Grimm.