**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ROBERT JOHN SAM, JR. | ) | |
| Plaintiff, | ) | |
| | ) | No. 25 CV 50517 |
| v. | ) | Judge Iain D. Johnston |
| | ) | |
| CHRISTOPHER NICHOLAS CRONAUER, and | ) | |
| CRONAUER LAW LLP, | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Robert Sam raises claims of civil rights violations under 42 U.S.C. § 1983 and intentional infliction of emotional distress against attorney Christopher Cronauer and Mr. Cronauer's firm, Cronauer Law LLP. Mr. Sam has also filed a motion under 28 U.S.C. § 1915 seeking leave to proceed *in forma pauperis*. Dkt. 4. Under § 1915(e)(2), when deciding a motion for leave to proceed *in forma pauperis*, the Court must also screen the plaintiff's complaint and dismiss any part that fails to state a claim on which relief may be granted.

Mr. Sam may not bring a claim under 42 U.S.C. § 1983 against a private citizen who is not acting under the color of state law. *See Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019). "Even though attorneys are licensed and regulated under state law, they are not state actors for purposes of § 1983 unless they act in concert with state officials to deprive persons of their constitutional rights." *Patel v. Heidelberger*, 6 Fed. Appx. 436, 437 (7th Cir. 2001). Mr. Sam's allegations do not plausibly suggest that Mr. Cronauer acted in concert with state officials, and in fact the allegations contradict any such suggestion. For instance, he alleges that Mr. Cronauer threatened to have him investigated in retaliation for fixing his leased home's air conditioner, but that "law enforcement declined to act." Compl. [1] at 7. In another instance he alleges that in retaliation for reporting his landlord to the Illinois Attorney General's office, Mr. Cronauer contacted the Sycamore Police Department to have criminal charges filed against Mr. Sam, but police "determined no violation had occurred and closed the matter as unfounded." *Id.* at 7. In another instance Mr. Cronauer petitioned a court to have Mr. Sam held in contempt, but the judge "dismissed the motion." *Id.* at 8. According to Mr. Sam's allegations, Mr. Cronauer's efforts to work in concert with state officials were all rejected by those officials. Thus, despite his conclusory use of the word "jointly" a couple times, Mr. Sam's allegations do not plausibly suggest that Mr. Cronauer acted under color of state law. And the complaint alleges no conduct by defendant Cronauer Law LLP separate from the conduct of Mr. Cronauer. Accordingly, the § 1983 claims against both are dismissed. In the absence of any federal claims, the Court declines to exercise jurisdiction over the remaining state law claim of intentional infliction of emotional distress. *See* 28 U.S.C. § 1367(c); *Shea v. Koehler*, 830 Fed. Appx. 781, 783 (7th Cir. 2020).

Because the federal claims are dismissed, and the Court declines to exercise jurisdiction over the remaining state law claim, the motion for leave to proceed *in forma pauperis* [4], the defendants' motion for sanctions [6], and Mr. Sam's motions to strike the defendants' motion for sanctions, [8] and [9], and for leave to provide a supplemental explanation of all of his prior cases, [12], are all stricken as moot.  Civil case terminated.

Date:  December 22, 2025          By:  _____
                                        Iain D. Johnston
                                        United States District Judge